


# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| **MARIA DIAZ GARCIA,** | ) | **Docket No. 2019-05-0530** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **IDEAL CLAMP PRODUCTS, INC.,** | ) | **State File No. 718-2019** |
| **Employer,** | ) | |
| **And** | ) | |
| | ) | |
| **LIBERTY MUTUAL INS. CO.** | ) | **Judge Dale Tipps** |
| **Carrier.** | ) | |

---

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

---

This case came before the Court on Ideal Clamp's Motion for Summary Judgment. The central legal issue is whether Ideal is entitled to summary judgment because Ms. Garcia did not present sufficient evidence of a causal connection between her employment and her injury, which is an essential element of her claim. For the reasons below, the Court holds Ms. Garcia did not present the necessary evidence, and Ideal is entitled to summary judgment.

### Claim History

While working for Ideal in 2018, Ms. Garcia reported pain in both hands and wrists. Ideal provided treatment with Dr. Kyle Joyner, who diagnosed carpal tunnel syndrome. Ms. Garcia also told Dr. Joyner about right-shoulder pain that she believed was related to her work. In response to a letter from the carrier, Dr. Joyner reviewed video of Ms. Garcia's job and concluded that "her job duties are less than 49% causational with regard to [her] carpal tunnel syndrome." Ideal later denied the claim.

After an Expedited Hearing, the Court denied Ms. Garcia's request for benefits. The Court held that Ms. Garcia presented no proof that her work was the primary cause of her injury.

Ideal later filed this Motion for Summary Judgment along with a statement of undisputed facts.[1]  The dispositive material facts were:

1. Dr. Joyner is Ms. Garcia's authorized treating physician for her alleged December 20, 2018 work injury.
2. Based on MRI results, Dr. Joyner concluded that Ms. Garcia has a degenerative condition in her right shoulder that was not caused by a work-related injury.
3. Based on his review of video footage of Ms. Garcia's job, Dr. Joyner said her workplace duties are "less than 49% causational with regards to her carpal tunnel syndrome."
4. No other doctor has given a conflicting opinion or provided any medical support for Ms. Garcia's claim.

Ideal contended those facts support summary judgment because they show that Ms. Garcia cannot establish an essential element of her claim.  Specifically, it argued she does not have sufficient expert proof to establish a causal connection between her employment and her injury.  Further, Ideal contended that Dr. Joyner's opinion constitutes affirmative evidence that negates causation.

Ms. Garcia did not file a response to the motion or the statement of facts.  The Court heard the Motion on December 15, 2020.

**Law and Analysis**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Tenn. R. Civ. P. 56.04.

As the moving party, Ideal must do one of two things to prevail on its motion: (1) submit affirmative evidence that negates an essential element of the nonmoving party's claim, or (2) demonstrate that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.  Tenn. Code Ann. § 20-16-101; *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015).  If Ideal is successful in meeting this burden, the nonmoving party – Ms. Garcia – must then establish that the record contains specific facts upon which the Court could base a decision in her favor.  *Rye*, at 265.

---

[1] Ideal originally filed a Motion to Dismiss but, because the motion presented "matters outside the pleadings," the Court deemed it a motion for summary judgment and allowed Ideal an opportunity to file all material required by Rule 56.

2

Ms. Garcia did not respond in writing to oppose Ideal's properly-supported motion for summary judgment, and she did not follow the Rule 56 requirement of responding to Ideal's statement of undisputed material facts. Therefore, the Court finds the motion and the facts are undisputed.[2] The issue then is whether under Rule 56.06 summary judgment is "appropriate."

Considering the merits of Ideal's motion, the Court finds it successfully demonstrated that Ms. Garcia's evidence is insufficient to prove medical causation, an essential element of her claim. Dr. Joyner stated that Ms. Garcia's work duties were less than 49% of the cause of her condition. This is insufficient to establish compensability under Tennessee Code Annotated section 50-6-102, which requires proof that the injury arose *primarily* out of and in the course and scope of employment, so that the employment contributed more than fifty percent in causing the injury.

In responding to Ideal's motion, Ms. Garcia must "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in her favor[.]" *Rye,* at 265. Ms. Garcia did not meet this burden, as she did not show that the record contains specific facts upon which the Court could base a decision in her favor.

Thus, there is no genuine issue of material fact as to the question of causation, and the Court holds Ideal is entitled to summary judgment as a matter of law.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ideal's Motion for Summary Judgment is granted, and Ms. Garcia's claim is dismissed with prejudice to its refiling.

2. The Court taxes the $150.00 filing fee to Ideal, to be paid to the Court Clerk under Tennessee Compilation Rules and Regulations 0800-02-21-.06 (August, 2019) within five business days of this order becoming final, and for which execution might issue if necessary.

3. Ideal shall file a Statistical Data Form (SD-2) with the Court Clerk within five business days of the date this order becomes final.

4. Unless appealed, this order shall become final thirty days after entry

**ENTERED DECEMBER 17, 2020.**

---

[2] The day before the hearing, Ms. Garcia filed several letters with the Clerk, including one from a doctor, that addressed the issue of causation of her carpal tunnel syndrome condition. However, she did not use these letters to properly respond to the motion or statement of facts, and she did not request any additional time to do so. The Court cannot, therefore, consider these letters in ruling on the motion.

**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on December 17, 2020.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Maria Diaz Garcia, Employee | X | X | 147 Old Waldron Rd. LaVergne, TN 37086 marikitas@7418@gmail.com |
| Behnaz Sulkowski, Employer's Attorney | | X | Behnaz.sulkowski@libertymutual.com |

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

4



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry. *See* Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____  ☐ Motion Order filed on _____

☐ Compensation Order filed on_____  ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s)** (Requesting Party): _____  ☐ Employer ☐ Employee

Address: _____  Phone: _____

Email: _____

Attorney's Name: _____  BPR#: _____

Attorney's Email: _____  Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*